[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
This matter was submitted to the Court for decision on the memoranda of the parties in that questions of law are presented with no underlying factual dispute. Plaintiff alleges that the Rhode Island General Laws require approval by the voters at referendum before "simulcasting" of events may occur at the Lincoln Greyhound Park and Jai Alai Fronton. Each facility was granted a permit to simulcast by the Rhode Island Department of Business Regulation without the matter being submitted to referendum.
At the outset the Court finds that R.I.G.L. § 41-10-1 et seq. has no application to the matter that is now before the Court. That chapter imposes a referendum requirement prior to the establishment of "off-track betting."
Plaintiff essentially argues that "simulcasting" is the same as "off-track betting". The pertinent statutes, however, demonstrate otherwise. "Simulcasting" is the live television broadcast of programs from a location outside the state of Rhode Island to a licensee of a licensed facility within the state of Rhode Island. R.I.G.L. § 41-11-1. "Off-track betting" is what happens in an Off-Track Betting Facility. See R.I.G.L. §41-10-3(b). What happens at a licensed facility is `on-track betting'. It used to be that simulcasting was not a permitted type of "on-track betting". It is now pursuant to R.I.G.L. §41-11-1, et seq.
When construing statutory language the Court will follow the proposition that the intent of the legislature controls. The Court will discern the intent of the legislature by examining the language, nature and object of the statute. Berthiaume v. SchoolCom. of City of Woonsocket, R.I., 397 A.2d 889 (R.I. 1979). R.I.G.L. § 41-11-1 et seq. contains no provision requiring a referendum as a prerequisite to "simulcasting". The General Assembly could have mandated a referendum in the enactment, but omitted any such requirement. The legislative history of that statute further indicates that the General Assembly intended no such requirement. The "simulcasting" statute was enacted as part of the 1991-1992 fiscal year budget. That budget included a full year of revenue to be derived from simulcasting. If the General Assembly had intended to impose a referendum requirement, it clearly would not have made a full year revenue forecast given the delay in implementation of "simulcasting" that would have been necessitated by a referendum. For that matter, any forecast would have been unlikely since voter approval may not have been forthcoming.
It is also clear that the General Assembly has the power to enact R.I.G.L. § 41-11-1 et seq. without voter approval. No provision in the Rhode Island Constitution requires voter approval with respect to the enactment of a statute that authorizes "simulcasting" in existing gambling facilities.
Furthermore, R.I.G.L. § 41-9-1 et seq. has no application to the "simulcasting" presently being conducted at the two facilities. That chapter requires a referendum where new gambling facilities are established. The Lincoln Greyhound Park and the Jai Alai Fronton are already established and licensed. Although R.I.G.L. § 41-9-2 requires promoters to make certain financial disclosure before the question of the establishment or extension of a facility is presented to the voters, it appears to be a requirement reserved for application when a referendum on a particular activity is elsewhere required by statute. As previously noted R.I.G.L. § 41-11-1 et seq. does not require a referendum with respect to "simulcasting".
In conclusion a referendum is not required before "simulcasting" is initiated at a licensed facility. Counsel shall submit an order to that effect.